RECEIVED
IN ALEXANDRIA, LA
JUN 8 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY HINES<br>FED. REG. #33065-044<br>VS. | CIVIL ACTION NO. 09-0428<br>SECTION P<br>JUDGE DRELL |
| WARDEN JOE KEFFER | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Anthony Hines filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on March 13, 2009. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the United States Penitentiary, Pollock, Louisiana, and he complains that the BOP has erroneously computed his sentence by denying him credit for time served in official detention. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### Background

Petitioner was arrested by Missouri authorities on December 14, 2005 on unspecified "weapons charges." At the time of his arrest petitioner was on probation as a result of previous drug convictions in a Missouri court. He was held in state custody and charged with violating his state probation and other offenses.

[rec. doc. 1-3, pp. 3-5]

He was also charged with federal crimes and charges were lodged against him in the United States District Court for the Eastern District of Missouri. [rec. doc. 1-3, p. 3]

On June 22, 2006 petitioner pled guilty to possession with intent to distribute in excess of 5 grams of cocaine base and being a felon in possession of a firearm in the United States District Court for the Eastern District of Missouri. On September 7, 2006 he was sentenced to concurrent sentences of 79 months. See United States of America v. Anthony Hines, No. 4:06-cr-00146.

On November 17, 2006 the Missouri State court revoked petitioner's state probation and ordered him imprisoned, giving him credit for time served awaiting trial against his Missouri Sentence. [rec. doc. 1-3, p. 3]

On June 4, 2007 petitioner filed a *pro se* "Motion that the Court Supply the Bureau of Prisons with the Correct Date that Petitioner's Sentence Began and Direct the BOP to Make it Part of Their Computation Records" in the United States District Court for the Eastern District of Missouri. Therein he alleged, "... petitioner was arrested on December 14, 2005 ... The BOP has however, computed petitioner's sentence to begin on September 7, 2006, for a loss of nine months..." He requested the sentencing court to intervene. See United States of America v. Anthony Hines, No. 4:06-cr-00146 at rec. doc. 33.

2

On June 5, 2007 the Court denied relief noting,

> Computation of jail time is a matter committed to the discretion of the Bureau of Prisons, and I have no authority to order the Bureau to give him credit for any time. In any event, because the Bureau does consider recommendations, I have reviewed his file to see if I should recommend something different. The file shows that defendant appeared in federal court on a writ from state custody, and that he was actually in state custody on a probation revocation matter during the months in question. If he was in state custody on a state matter, he is not entitled to jail time credit on this federal sentence. It appears to me that the Bureau of Prisons' calculation that his federal sentence time began on the date of sentencing, September 8, 2006, is correct. <u>United States of America v. Anthony Hines</u>, No. 4:06-cr-00146 at rec. doc. 34.

On April 8, 2008 the sentencing court retroactively applied the Sentencing Guidelines Amendments (18 U.S.C. §3582) and reduced petitioner's sentence to 64 months. <u>United States of America v. Anthony Hines</u>, No. 4:06-cr-00146 at rec. doc. 41.

On June 16, 2008 petitioner re-urged his motion to direct the BOP to credit petitioner with time spent in detention; that motion was again denied on June 26, 2008. <u>United States of America v. Anthony Hines</u>, No. 4:06-cr-00146 at rec. docs. 45 and 47.

Petitioner filed the instant petition on March 13, 2009. Petitioner seeks credit against his federal sentence for the time he spent in state custody between December 14, 2005 (the date of his arrest by Missouri law enforcement officers) through April 10, 2007, the date he satisfied his Missouri sentence and was released into the custody of the United States Marshal. According

3

to petitioner, he exhausted BOP administrative remedies prior to filing his suit, however, he provided only a portion of the response he received on some unspecified date from some unknown responder. In denying petitioner's grievance, the author of the response noted,

> Investigation reveals you were originally arrested by state of Missouri law enforcement officials on December 14, 2005, for Weapons charges. These charges were later dismissed; however, you remained in state custody based on a probation violation. While in state custody, you were transferred to the custody of the United States Marshals Service (USMS) pursuant to a Writ of Habeas Corpus Ad Prosequendum. On September 7, 2006, you were sentenced in the Eastern District of Missouri to a 78-month term of imprisonment for Possession with Intent to Distribute Cocaine Base and Felon in Possession of a Firearm. Your federal term was ordered consecutive as to the service of your state term. After sentencing, you were returned to state custody. Your state probation was revoked on November 17, 2006, and you were sentenced to a seven-year term to be served in the Missouri Department of Corrections. Your original state offense was Possession of a Controlled Substance and Possession of Marijuana. On April 10, 2007, you released from your state sentence to USMS custody. Once in USMS custody you were designated to a federal facility in order to commence service of your federal term.
>
> Title 18 U.S.C. 3585(b) is the statute authorizing the award of presentence credit. This statute authorizes credit for time spent in official detention prior to the imposition of a sentence that has not been credited against another sentence. To award you credit toward your federal sentence that was applied to your state term would be contrary to the intent of this statute. Missouri state official confirmed you received credit toward your state sentence from the date of your arrest on December 14, 2005, through April 10, 2007, the date you satisfied your state term. [rec. doc. 1-3, p. 5]

Petitioner does not dispute the facts as recounted in the

4

response to his grievance; instead, he argues that the BOP has misinterpreted the law, and he contends that "... the final phrase of §3585 (b) ... authorizes credit for only time that has not been credited against another sentencing at the time of sentencing." Thus, according to petitioner, he should not be prevented "... from receiving credit because ... his 'official detention' had not been credited towards his state sentence when the [United States] district court imposed the federal sentence." [rec. doc. 1-3, p. 2]

### *Law and Analysis*

Since petitioner contends that he is entitled to a speedier release from custody, *habeas corpus* provides the appropriate remedy. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (explaining that the function of *habeas corpus* is to secure immediate or speedier release from unlawful imprisonment). A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed. See <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir.2001). "The writ of *habeas corpus* shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. §3585. <u>United</u>

5

States v. Wilson, 503 U.S. 329, 332 (1992). That statute, entitled "Calculation of a term of imprisonment," provides in pertinent part:

> (b) Credit for prior custody. <u>A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences</u>
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> <u>that has not been credited against another sentence.</u>
> (Emphasis supplied)

Petitioner was taken into custody by Missouri officials on December 14, 2005. He remained in the custody of Missouri officials until April 10, 2007, and, by his own admission, that **ENTIRE** period of time was credited against his Missouri sentences. Under the plain language of the above cited statute, he cannot obtain credit against his federal sentence for time served prior to April 10, 2007 because he has already received that benefit with respect to his Missouri sentence. Wilson, 503 U.S. at 337 (stating that Congress made clear in § 3585(b) that "a defendant could not receive double credit for his detention time").

In short, petitioner has not shown that his custody is in violation of the Constitution and laws of the United States; he

6

fails to state a claim for which relief may be granted and dismissal on that basis is appropriate.

Therefore,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of Habeas Corpus Under 28 U.S.C. §2241 be **DENIED** and **DISMISSED WITH PREJUDICE;**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[1] A party may respond to another party's

---

[1] As petitioner is no doubt aware, federal prisoners challenging the manner in which their sentences are being executed must first exhaust administrative remedies prior to presenting their claims in federal court. See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.1994); United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1353-56, 117 L.Ed.2d 593 (1992). The BOP provides a 3-step administrative procedure for inmates who seek formal review of their complaints. See 28 U.S.C. §§ 542.10-542.19. BOP Program Statement (PS) 1330.13, Administrative Remedy Program, outlines the procedure and provides detailed guidance regarding the procedures to be employed. Prisoners may first "seek informal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. If unsuccessful, prisoners must thereafter utilize the formal procedures which involve the filing of a BP-9 (to the Warden), BP-10 (to the appropriate BOP Regional Office), and BP-11 (BOP National Inmate Appeals) form. Id. §§ 542.13, 542.14, 542.15, 542.18. The BP-11 appeal "is the final administrative appeal." Id. § 542.15(a). Only after this three-step review process is completed, can a BOP inmate's claim be considered exhausted.

Petitioner claims that he exhausted all available administrative remedies, however, he has not provided any evidence to support that claim. As shown above, he has provided one page of an administrative remedy response. It appears that this is the response of the Regional Director, however, that fact is not readily apparent from the document. In any event, administrative remedies are exhausted only after a federal prisoner's grievance is denied at the national level.

**IN THE EVENT THAT PETITIONER OBJECTS TO THIS REPORT AND RECOMMENDATION, HE SHOULD PROVIDE, ALONG WITH HIS OBJECTION, DOCUMENTARY PROOF TO ESTABLISH THAT HE EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT.**

objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE