RECEIVED IN ALEXANDRIA, LA.
SEP 17 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANTHONY HINES<br>    FED. REG. #33065-044<br>VS. | CIVIL ACTION NO. 09-0428<br>SECTION P<br>JUDGE DRELL |
| WARDEN JOE KEFFER | MAGISTRATE JUDGE KIRK |

## JUDGMENT

For the reasons stated in the Report and Recommendation of the Magistrate Judge previously filed herein, and after an independent review of the record, determining that the findings are correct under the applicable law, and considering the objections to the Report and Recommendation in the record;

**IT IS ORDERED THAT** this petition for *habeas corpus* is **DENIED AND DISMISSED WITH PREJUDICE.**

In so ruling, we note Petitioner's failure to comply with the direction in the Report and Recommendation to provide proof of exhaustion in Petitioner's objections. We can, therefore, only accept that he did not exhaust.

Additionally, the objections and entire case rely on what he describes as a "mistake" on the part of the U.S. Marshals in not taking Petitioner into custody earlier. (Objections, Document No. 8, pp. 4-5.) First, there is no evidence that there was any error by the U.S. Marshals as suggested. Next, as found in the grievance response (Report and Recommendation, Document No. 3, p.

4), Mr. Hines was only in federal custody temporarily for the purpose of federal prosecution. After that, he was returned to state custody. Such a transaction does not implicate any anti-shuttling provision in the Interstate Agreement on Detainers, even if it is assumed (but <u>not</u> shown by the evidence) that Missouri is a member of the compact. <u>See</u> 18 U.S.C. Appendix 2 and <u>U.S. v. Pursley</u>, 474 F.3d 757 (10th Cir. 2007), <u>cert. den.</u>, ___ U.S. ___, 128 S.Ct. 47 (2007).

It is true that the state judge who revoked Hines's probation apparently ordered the sentence served concurrently with the federal sentence and went beyond his jurisdiction in ordering the sentence served in the federal institution. There is no record <u>evidence</u> as to why the state did not (or would not) turn Hines over to federal authorities until he completed his state sentence. This would seem to have been a matter for Hines to have raised while he was in state custody if he thought his detention, post revocation, was in error. There is no evidence of record that he did.

Finally, Hines attempts to equate the probation violation conduct and the sentence therefor with the federal charges, thus, in his mind, requiring credit for the additional time. They are not the same. In his state proceeding, Hines received revocation of a probated sentence for an entirely different crime. Indeed, had he been prosecuted on the same charges as his federal ones, his argument might carry some weight. In the state

case, according to documents he submitted with his objections, there is no verification that his probation was revoked because of the federal conviction. Interestingly, the page for the minutes of the 22nd Judicial District of Missouri is only page 6 of the case digest. Hines did not deem the other five pages worthy of consideration here. It is another lapse and absence of evidence supporting his cause.

He is clearly not entitled to the relief requested for all of the reasons previously provided by the grievance response, the ruling of Judge Carpenter of the United States District Court in Missouri, the Report and Recommendation herein, and these additional comments.

**THUS DONE AND SIGNED**, in chambers, in Alexandria, Louisiana, on this 16TH day of September, 2009.

**DEE D. DRELL**
**UNITED STATES DISTRICT JUDGE**